IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**HELEN GRIFFIN,**

        **Plaintiff,**

v.                                         Case 2:12-cv-02945-JDT-cgc

**TIFFANY STONE, SANDRA
STONE, ELIZABETH GRIFFIN,
SAMANTHA LEWIS, O.T. SYKES,**

        **Defendants.**

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING
PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY
PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

      Before the Court is Plaintiff Helen Griffin's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis. (D.E. #3). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

      On October 30, 2012, Plaintiff filed a pro se Complaint for violations of 42 U.S.C. § 1983 ("Section 1983"). Plaintiff alleges that Defendants have physically harmed her in a variety of ways. The majority of Plaintiff's allegations pertain to her belief that Defendants have "put" afflictions on

her, such as sores, corns, hepatitis, and numb hands. (Handwritten Compl. at 1, 3, 5-6). Plaintiff alleges that Defendants have transferred body parts, injuries, pain, and medical conditions from other people to her body and from her body to other peoples' bodies, at times because they have been paid to do so. (*Id*. at 1, 5-6, 8-9, 12-13). Plaintiff further alleges that Defendants have damaged her car and apartment, stolen from her car and apartment, stolen her mail, harassed her in her apartment, and stalked her. (*Id*. at 2, 5, 7-8, 10, 13).

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se

complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Upon review, Plaintiff's Complaint does not allege that Defendants were persons acting under color of state law; absent any such allegations, Plaintiff's Complaint alleges violations against private parties that are not actionable pursuant to Section 1983. Further, even if Plaintiff had alleged that the conduct was committed by persons acting under color of state law, Plaintiff has further failed to allege any deprivation of rights secured by the Constitution or the laws of the United States. Accordingly, it is recommended that Plaintiff's Section 1983 claim fails to state a claim upon which relief may be granted and that Plaintiff's Section 1983 claim be dismissed pursuant to Section 1915.

### III. Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to

appeal this decision in forma pauperis, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

4

**DATED** this 7th day of October, 2013.

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**